UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAI HUNTE,

                         Plaintiff,                      Caso No.  1:25-cv-6603

   -against-

ASHHILL INC. d/b/a THE RAVEN PUB
and 1471 FIRST LLC,                       **COMPLAINT AND DEMAND**
                                                                                             **FOR JURY TRIAL**

                         Defendants
------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants ASHHILL Inc. d/b/a The Raven Pub and 1471 First LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.     Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, attorney's fees, costs, and expenses, to address violations of Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.) and its implementing regulations, the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107. Defendants own, lease, operate, and control a place of public accommodation that does not comply with these laws and are vicariously liable for the acts and omissions of their agents and employees described in this complaint.

2.     Defendants have made a deliberate choice to disregard clear accessibility requirements for their public accommodation, prioritizing cost savings over compliance. This decision sends the message that patrons with disabilities are less valued and unwelcome. Plaintiff seeks to hold defendants accountable and to secure full accessibility at the Premises,

1

ensuring that individuals with disabilities have the same opportunity to enjoy the establishment as other members of the public.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because the claims arise under federal law and concern the deprivation of rights secured by the ADA. The Court also has supplemental jurisdiction over the related state and city law claims under 28 U.S.C. § 1367(a), as those claims derive from the same facts and circumstances as the federal claims.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the alleged discriminatory conduct occurred within this District and the public accommodation at issue is located here.

## PARTIES

5.      Plaintiff At all relevant times, plaintiff has resided in Queens County, New York.

6.      Plaintiff sustained a T4 spinal cord injury in a 2010 motorcycle accident, resulting in complete loss of mobility below the mid-back and no movement in the legs. He uses a manual wheelchair for mobility and is able to travel independently by driving a car equipped with hand controls.

7.      Defendants operate and/or lease the property located at or about 1471 First Avenue, New York, NY 10075 (the "Premises"). Each defendant is authorized to conduct business in New York State and, during all relevant times, has operated a place of public accommodation at the Premises.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Each defendant is a public accommodation under the ADA (42 U.S.C. § 12181; 28 C.F.R. § 36.104), the New York State Executive Law (§ 292(9)), and the Administrative Code of the City of New York (§ 8-102(9)) because they own, lease, lease to, operate, or control the Premises. The Premises is a public accommodation within the meaning of these laws, as it is a privately operated facility whose operations affect commerce.

9. The Premises contains numerous architectural barriers that prevent or restrict access for plaintiff, a person with a disability. Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993, and at various times after January 1992, defendants made alterations to it, including areas adjacent to or attached to the building.

10. Plaintiff regularly visits New York City for dining, shopping, entertainment, and other activities, both alone and with friends or family. Despite having no mobility below the mid-back due to a T4 spinal cord injury from a 2010 motorcycle accident, plaintiff is able to travel independently throughout the city by driving a vehicle equipped with hand controls.

11. On or about July 7, 2025, plaintiff attempted to visit the Premises to enjoy drinks, music, and food, including the chicken and waffles he specifically wished to try. Upon arrival, he encountered barriers that prevented entry and remain in place today. In particular, there was a significant step at the main entrance with no means of contacting staff inside for assistance. This experience left him feeling embarrassed and excluded.

12. Although the Premises is less than an hour from his home, the goods, services, and facilities offered there are not accessible as required by the Americans with Disabilities Act Accessibility Guidelines, the 1991 Standards for Accessible Design, or the 2010 Standards

for Accessible Design.

13. Because defendants have failed to comply with these standards and the related provisions of the Administrative Code, plaintiff has been denied safe, equal, and complete access to the Premises. The facility has not been designed, constructed, or altered in accordance with the 1991 Standards, the 2010 Standards, the Administrative Code, the New York City Building Code, or the 2014 New York City Construction Code.

14. Barriers encountered or deterring plaintiff from visiting include, but are not limited to: an inaccessible entrance with no accessible route, means of egress, or ramp; interior dining tables without required knee and toe clearance or minimum accessible seating; a bar exceeding the maximum height with no accessible section and no required clearance; exterior dining tables without the required clearance or minimum accessible seating; and a restroom that lacks compliant door width, proper signage, grab bars, insulated pipes, and other required accessible features.

15. This list is not exhaustive, and plaintiff believes a full inspection will reveal additional barriers. To ensure complete remediation and avoid piecemeal litigation, plaintiff seeks a full inspection of the Premises and intends to amend this complaint to include any further violations discovered.

16. Defendants have denied plaintiff the benefits and services of their public accommodation because of his disability. They have failed to implement compliant policies, practices, or procedures and have not provided reasonable accommodations or modifications. These barriers present an ongoing and credible threat of continued discrimination.

17. Plaintiff frequently visits the area and intends to return to the Premises multiple times once it becomes accessible, anticipating the experience it offers.

## **FIRST CAUSE OF ACTION**

(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

18. Plaintiff repeats and incorporates all prior allegations as though fully stated here.

19. Plaintiff is substantially limited in the major life activities of walking and body motion range as a result of a T4 spinal cord injury from a 2010 motorcycle accident, which caused complete loss of mobility below the mid-back and requires him to use a manual wheelchair for mobility.

20. The ADA imposes joint and several liability on both the owner and the lessee of a public accommodation, and neither can avoid that responsibility through contractual arrangements such as lease agreements. Defendants have denied plaintiff the full and equal use of their public accommodation because of his disability, and their policies and practices have had a disparate impact on him.

21. By failing to meet accessibility requirements, defendants have communicated to individuals with disabilities, including plaintiff, that they are unwelcome and not valued as customers.

22. Defendants designed, constructed, and/or altered the Premises in a manner that is not readily accessible to and usable by individuals with disabilities, in violation of 28 C.F.R. § 36.401(a)(1) and 42 U.S.C. § 12183(a)(1). The Premises fails to provide an integrated and equal setting for patrons with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

23. When making alterations to their public accommodation, defendants failed to make it accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406, and failed to make the paths of travel to the altered primary function areas accessible,

in violation of 28 C.F.R. § 36.403. Section 36.406(5) further requires that noncomplying facilities and elements be brought into compliance with the 2010 Standards, which defendants did not do.

24.     Defendants also failed to remove barriers where it is readily achievable, in violation of 28 C.F.R. § 36.304, and have not provided reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305. These failures amount to a continuing pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

25.     By maintaining and/or creating an inaccessible public accommodation, defendants have engaged in and continue to engage in unlawful discrimination against plaintiff under the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

26.     Plaintiff repeats and incorporates all prior allegations as though fully stated here.

27.     Plaintiff's T4 spinal cord injury from a 2010 motorcycle accident has resulted in complete loss of mobility below the mid-back, no movement in the legs, and the need to use a manual wheelchair. These conditions substantially limit the major life activities of walking and range of motion, qualifying as a disability under Executive Law § 296(21).

28.     Defendants have subjected plaintiff to disparate treatment by denying him the same opportunity to use their public accommodation as nondisabled patrons. They have maintained and/or created an inaccessible public accommodation in violation of Executive Law § 296(2) and have aided and abetted one another in committing disability discrimination.

29.     Defendants have failed to remove barriers to access where readily achievable,

in violation of Executive Law § 296(2)(c)(iii), and have not provided reasonable alternatives to barrier removal as required by § 296(2)(c)(iv). Making the Premises fully accessible would be readily achievable and would not impose an undue hardship or burden on defendants.

30. As a direct and proximate result of this unlawful conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety, along with other damages to be determined at trial.

## THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

31. Plaintiff repeats and incorporates all prior allegations as though fully stated here.

32. As a result of a T4 spinal cord injury from a 2010 motorcycle accident, plaintiff has complete loss of mobility below the mid-back and no movement in his legs. He uses a manual wheelchair for mobility, and his condition substantially limits major life activities, including walking and range of motion, making him a person with a disability under Administrative Code § 8-102(16).

33. The Local Civil Rights Restoration Act of 2005 (Local Law 85) requires that the Administrative Code be interpreted liberally to accomplish its broad remedial purposes, regardless of whether federal or state civil rights laws are construed in the same way. Restoration Act § 7, amending Administrative Code § 8-130.

34. Defendants have engaged in both disparate treatment and disparate impact discrimination by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their public accommodation because of plaintiff's disability, in violation of Administrative Code § 8-107(4). They have also aided and abetted one another in committing disability discrimination.

7

35. Defendants have designed, created, and/or maintained an inaccessible public accommodation, and by failing to remove accessibility barriers, have violated Administrative Code § 8-107(4) as well as Local Law 58.

36. As a result of defendants' actions, plaintiff has suffered and continues to suffer humiliation, stress, and embarrassment. Upon information and belief, defendants' refusal to make the Premises accessible has been deliberate, egregious, and undertaken with reckless disregard for plaintiff's rights.

37. Defendants' conduct was willful, wanton, and reckless, entitling plaintiff to punitive damages under Administrative Code § 8-502. By operating a noncompliant space and avoiding the costs of accessibility modifications, defendants have profited from their discriminatory conduct. These unlawful profits, plus interest, must be disgorged.

38. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

39. Plaintiff repeats and incorporates all prior allegations as though fully stated here.

40. Defendants' conduct constitutes discrimination against plaintiff in violation of the New York State Executive Law. As a result, plaintiff is entitled to recover the statutory monetary penalties set forth in Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

41. Plaintiff will continue to face unlawful discrimination unless defendants are required to bring the Premises and their operations into compliance with applicable accessibility laws. An order directing defendants to modify the facility, along with their

policies, practices, and procedures, is necessary to remove the violations described in this complaint.

42. Injunctive relief is needed to make the Premises readily accessible to and usable by plaintiff in accordance with federal, state, and city law. Such relief should also require defendants to provide auxiliary aids and services, adjust their policies, and implement alternative methods where necessary to ensure full compliance with the ADA, the Executive Law, and the Administrative Code.

## DECLARATORY RELIEF

43. Plaintiff seeks a declaratory judgment identifying each accessibility violation committed by defendants and specifying the alterations and modifications required to bring the Premises, its facilities, goods, and services, as well as defendants' policies, practices, and procedures, into compliance with applicable law.

## ATTORNEY'S FEES, EXPENSES AND COSTS

44. To enforce his rights, plaintiff has retained legal counsel and is entitled to recover reasonable attorney's fees, expenses, and costs under the ADA and the Administrative Code, including 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: August 11, 2025

      Manhasset, New York      Respectfully submitted,

                                                 **GABRIEL A. LEVY, P.C.**
                                                 Attorney for Plaintiff
                                                 1129 Northern Blvd, Suite 404
                                                 Manhasset, NY 11030
                                                 (347) 941-4715

                                                 **By:** /s/ Gabriel A. Levy, Esq.
                                                 **GABRIEL A. LEVY, ESQ (5488655)**
                                                 Glevy@glpcfirm.com